IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTRALOX, L.L.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-CV-01653-ELR |
| | * | |
| SYSTEM SOLUTIONS OF KENTUCKY, LLC, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**O R D E R**
_____

On April 11, 2019, Plaintiff Intralox, L.L.C. filed this case against Defendant System Solutions of Kentucky, LLC as well Lummus Corporation.  See Compl. [Doc. 1].  By an Order dated November 25, 2019, the Court granted Defendant's motion to compel arbitration and directed Plaintiff to arbitrate its claims against both Defendant and Lummus Corporation.  [See Doc. 26 at 11–12].  Further, the Court administratively closed this action pending the Parties' arbitration of Plaintiff's claims.  [See id. at 12].  Shortly after the arbitration proceedings commenced, Defendant filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky, which, pursuant to 11 U.S.C. § 362 automatically stayed the arbitration of Plaintiff's claims against Defendant.  [See

Doc. 38-2 at 2]. Nonetheless, Plaintiff "and Lummus proceeded with the arbitration of their dispute." [See id.] On March 17, 2021, a panel of the American Arbitration Association "entered an award in favor of Lummus and against" Plaintiff "as to each of [Plaintiff]'s six claims against Lummus . . . on the ground that each of [Plaintiff's] claims failed as a matter of law and fact." [See id. at 3]. On April 9, 2021, the Court reopened this action and confirmed the arbitral award in Lummus' favor, terminating Lummus as a Party Defendant to this case. [See Doc. 39].

By a November 30, 2021 status update directed by the Court, Plaintiff advised the undersigned that the bankruptcy proceedings related to Defendant's chapter 7 petition "remain[ed] pending" and that, accordingly, Plaintiff's arbitration against Defendant "remain[ed] stayed under the automatic stay provisions of the Bankruptcy Code." [See Doc. 42]. The next day, the Court again administratively closed this action. [See Doc. 43]. The undersigned noted that "[e]ither Party may move to reopen th[is] case once arbitration is complete" and directed the Parties to dismiss this case "within thirty (30) days from the close of arbitration proceedings" if the arbitration "resolve[d]" it. [See id.] In a December 15, 2022 Court Ordered notice, Plaintiff indicated that the status of this case had not changed since November 30, 2021. [See Doc. 45].

Based on the Court's review of the relevant records, it appears that the proceedings in the United States Bankruptcy Court for the Western District of

Kentucky related to Defendant's bankruptcy concluded on May 17, 2023, nearly two (2) months ago. Accordingly, the Court **DIRECTS** the Parties to, within seven (7) days of the date of this order, jointly file a notice that (1) details the status of Defendant's bankruptcy proceedings and the Parties' arbitration of any disputes between them and (2) contains the Parties' proposal for how this litigation should proceed.

      **SO ORDERED**, this 12th day of July, 2023.

                                                  _____
                                                  Eleanor L. Ross
                                                  United States District Judge
                                                  Northern District of Georgia